IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKIE DORRELL, as Special Administrator of the ESTATE OF TERRY DALE DORRELL,<br><br>    Plaintiff,<br><br>v.<br><br>COMANCHE COUNTY FACILITIES AUTHORITY, et al.,<br><br>    Defendants. | Case No. CIV-25-258-SLP |

**O R D E R**

Before the Court is Plaintiff's Response to Order to Show Cause and Motion for Extension of Time to File Summons Out of Time [Doc. No. 4]. As set forth in the Court's prior Order [Doc. No. 3], Plaintiff filed her Complaint on February 28, 2025, and pursuant to Fed. R. Civ. P. 4(m), she was required to serve Defendants on or before May 30, 2025. To date, Plaintiff has neither caused summons to issue nor served any defendant in this action.

As cause for her failure to effect timely service, Plaintiff's counsel states that he "inadvertently failed to timely docket the summons and service." Resp. at 1, ¶ 1. Plaintiff's counsel further states that he "was out of state in a trial", and the "failure was the result of excusable neglect." *Id*. Plaintiff asks for an extension of time until June 27, 2025, to effect service. Resp. at 2.

Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, if a plaintiff shows good cause for the delay, an extension of the service deadline is mandatory. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Absent a showing of good cause, the district court must still consider whether a permissive extension of time is warranted. *Id*.

Here, Plaintiff has not shown good cause. The Tenth Circuit has noted that counsel's "inadvertent[] fail[ure] to calendar the service deadline" is insufficient. *See, e.g., Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991) ("[T]o characterize inadvertence as good cause would allow an exception to swallow the rule.").[1] Furthermore, "the fact that the movant's counsel is professionally engaged in other matters is not sufficient, as a matter of law, to show excusable neglect . . . [t]hus, it most certainly isn't sufficient to show good cause, which requires a greater showing." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017). At base, "inadvertence or negligence alone do not constitute good cause for failure of timely service." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).

Although Plaintiff has failed to show good cause, the Court must further consider whether to grant a permissive extension. The following factors guide the Court's

---

[1] *Cox* "interpreted an older version of Rule 4, but [it] remain[s] valid with respect to the good-cause showing." *Murphy v. City of Tulsa*, 556 F. App'x 664, 668 n. 3 (10th Cir. 2014).

2

determination: (1) whether "the applicable statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an in forma pauperis petition." *Espinoza*, 52 F.3d at 842 & n.8 (internal quotation marks omitted).

Here, only the first factor is at play as there are no complex service issues and Plaintiff does not appear pro se or in forma pauperis. As to the first factor, Plaintiff fails to address whether her claims would be time barred if refiled. To this end, the Court reiterates that Plaintiff, who is represented by counsel, makes no argument whatsoever in support of a permissive extension. Under these circumstances, the Court finds that even if the statute of limitations would bar Plaintiff's refiled claims,[2] that fact does not make dismissal inappropriate. *See, e.g., Valdez v. Chuwanti*, No. 1:22-cv-00003-KWR/JHR, 2022 WL 17093445 at *3 (D.N.M. Nov. 21, 2022) (declining to grant permissive extension where the plaintiff "summarily suggest[ed] that the statute of limitations would bar refiling of the suit, but [did] not explain or show that it would"); *cf. Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994) ("The fact that the statute of limitations has run, however, does not demonstrate good cause and does not make dismissal under Rule 4[(m)] inappropriate."). As the Tenth Circuit has observed, it is the plaintiff's

---

[2] Plaintiff's claims largely stem from the death of Terry Dale Dorrell, which occurred on August 27, 2024. Comp. [Doc. No. 1] at ¶ 22. Thus, it appears to the Court that Plaintiff's claims would not be time-barred upon refiling.

"responsibility to monitor the progress of service and to take reasonable steps to assure that [defendants are] timely served." *May v. Okla. Dep't of Corr.*, No. 99-6267, 2000 WL 633244 at *2 (10th Cir. May 17, 2000). The absolute lack of any action taken by Plaintiff to effect service in this action, including the failure to have summons issued, warrants dismissal.

Further, while Plaintiff's Motion represents that Plaintiff's "counsel had a phone conference with the opposing party's attorney and she advised that they have no objection," there is no indication of the identity of this unnamed attorney, which party(s) this attorney claims to represent, or the date or form of this communication. The record indicates that no attorneys have entered an appearance for any of the defendants.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Extension of Time to File Summons Out of Time [Doc. No. 4] is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 5th day of June, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE